[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This appeal involves a shared-parenting plan between a divorced couple. The plan states, "Mother and Father shall each pay one-half of any * * * uncovered or unreimbursed medical expenses of the children, including but not limited to, the following: medical, dental, hospital, pharmaceutical, optical expenses." In his sole assignment of error, defendant-appellant Matthew J. Jacobs asserts that the trial court erred in ordering him to pay plaintiff-appellee Jonnie Lynn Jacobs one half of the unreimbursed orthodontic expenses for one of their children.
Mr. Jacobs argues that the dental expenses mentioned in the shared-parenting plan are not intended to cover orthodontic expenses. He claims that the court erred in not considering parole evidence that preliminary drafts of the shared-parenting plan had specifically included the phrase "orthodontic expenses," but that the phrase had been deleted from the final plan. While the parole evidence offered by Mr. Jacobs supports his argument, we conclude that the court did not abuse its discretion in its determination. In the first place, the shared-parenting plan is an unambiguous, final statement of the parties' intent. Under traditional contract principles, the court was not required to consider Mr. Jacobs's parole evidence. And even if the court did consider evidence other than the language of the final shared-parenting plan, there is adequate evidence that the parties intended orthodontic expenses to be covered. Specifically, the parties also signed a "Qualified Medical Child Support Order," which stated that each party would share responsibility for the payment of dental and orthodontic expenses. Finally, Ohio case law has stated that orthodontic expenses are included under the broader term "dental expenses."[1]
Mr. Jacobs also argues that, even if orthodontic expenses were covered under the shared-parenting plan, he should not be required to pay for them, because the matter should have been mediated before his son had the work done or before Mrs. Jacobs took the matter to court. Mr. Jacobs points to a mediation clause in the shared-parenting plan: "Should any major differences of opinion arise regarding the best interest of the children, then, upon conference of both parents, an attempt must be made to resolve these differences through mediation or counseling by a professional therapist." But, despite that clause, we conclude that the court did not abuse its discretion. The record reveals that the Jacobses' child needed the orthodontic work at issue, and that the real debate between Mr. and Mrs. Jacobs was when the work should be done: while Mrs. Jacobs wanted the work done immediately, Mr. Jacobs thought that the work could wait until the child was older. We conclude that the court did not err in concluding that the mediation clause did not apply, because the debate between Mr. and Mrs. Jacobs, which was essentially an issue of timing, did not necessarily involve "major differences of opinion * * * regarding the best interest of the children."
Therefore, we reject Mr. Jacobs's assignment and affirm the judgment of the trial court.
A certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
 To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 _________________ PRESIDING JUDGE DOAN
[1] See Young v. Young (Jan. 28, 1987), Montgomery App. No. CA 10073, unreported; Garber v. Garber (Aug. 20, 1986), Darke App. No. CA 1158, unreported.